UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

MARY KOEPKE,
by her attorney-in-fact, Arthur Koepke,

        Plaintiff,

        v.                          Case No. 22-C-114

AETNA, INC.,

        Defendant.

## ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

On January 28, 2022, Plaintiff Mary Koepke, by her attorney-in-fact, Arthur Koepke, brought this action for a writ of mandamus seeking to compel Xavier Becerra, Secretary of the Department of Health and Human Services, to "exercise his mandatory oversight duties over the Medicare program by directing Defendant Aetna, Inc., a Medicare contractor, to promptly process and pay Mary Koepke's claims in accordance with" a fully favorable decision issued by an administrative law judge (ALJ). Compl. at 7, Dkt. No. 1. Federal jurisdiction is predicated on 28 U.S.C. § 1361. On April 26, 2022, Plaintiff voluntarily dismissed Secretary Becerra without prejudice. The remaining defendant, Aetna, then moved for dismissal for lack of federal jurisdiction, failure to state a claim, and mootness. Aetna's motion will be granted.

Aetna asserts that the Court lacks subject matter jurisdiction over this case. Dkt. No. 23 at 6–9. The Court agrees. First, the only basis that Plaintiff advances for this Court's jurisdiction is 28 U.S.C § 1361. Compl. ¶ 5. Section 1361 provides that "[t]he district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." Since the filing of the action, Secretary Becerra has been voluntarily dismissed, leaving Aetna as the sole defendant in this case.

Dkt. No. 19. Aetna is plainly not an "officer or employee of the United States" or an "agency thereof," and therefore, the Court does not have jurisdiction over this matter.

Second, based on Aetna's submissions, it appears that Plaintiff's claim is moot. Aetna has submitted the declaration of Teresa Carr and accompanying exhibits, all of which demonstrate that the Aetna Medicare Plan "paid the claim in full in the amount of $14,227.27." Dkt. No. 23-4 at 2. Plaintiff, through her lack of response, has not contested these assertions. Thus, because Aetna appears to have paid the claim in full, Plaintiff's petition is moot and the case must be dismissed. *See Pakovich v. Verizon LTD Plan*, 653 F.3d 488, 492 (7th Cir. 2011) ("[I]f an event occurs while a case is pending . . . that makes it impossible for the court to grant any effectual relief whatever to a prevailing party, the [case] must be dismissed." (internal quotation marks and citation omitted)).

Finally, count two of Plaintiff's complaint seeks attorneys' fees under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412. But the EAJA "does not provide an independent cause of action for litigants in federal court; instead, it simply 'authorizes the payment of fees to the prevailing party in an action against the United States.'" *Thomas v. Paulson*, 507 F. Supp. 2d 59, 62 n.2 (D.D.C. 2007) (quoting *Scarborough v. Principi*, 541 U.S. 401, 405 (2004)). Therefore, count two of Plaintiff's complaint does not provide a basis for subject matter jurisdiction.

For these reasons, Aetna's motion to dismiss (Dkt. No. 22) is **GRANTED**. This case is dismissed for lack of subject matter jurisdiction. Given the foregoing, the Court need not address Aetna's further argument that the complaint fails to state a claim against it because it is neither the Plan under which benefits are sought, nor the administrator of the Plan.

The Clerk is directed to enter judgment accordingly.

**SO ORDERED** at Green Bay, Wisconsin this 21st day of July, 2022.

s/ William C. Griesbach
William C. Griesbach
United States District Judge